## 37191. CHESSER v. TUGGLE.

NICHOLS, Judge. Mrs. Essie Mae Tuggle brought an action against Loyd M. Chesser in which she sought to recover the value of the life of her son who was killed when he was struck by an automobile owned and being driven by the defendant. On the trial the jury returned a verdict for the plaintiff. The plaintiff filed a motion for a new trial on the usual general grounds which she later amended by adding several special grounds, one of which was that the verdict was so inadequate as to show bias and prejudice on the part of the jury. The plaintiff's motion for new trial was granted and the defendant excepted. *Held:*

1. It is well settled that the first grant of a new trial will not be disturbed unless the verdict of the jury is demanded by the evidence, but where a small verdict for the plaintiff is returned in a case where the evidence demands a verdict for the defendant, the grant of a new trial for the plaintiff may be successfully attacked by the defendant should he desire to pay the small verdict rather than to move for a new trial. See *Rozenberg v. Sund*, 81 *Ga. App.* 856, 862 (60 S. E. 2d 390), and citations.

2. The evidence in the present case was in sharp conflict as to the circumstances surrounding the child's death. Witnesses for the plaintiff testified that the deceased was crossing the road from the defendant's left to his right, while the defendant testified that the deceased ran out from behind an embankment on his, the defendant's, right just as he reached the point of impact. There was testimony placing the speed of

the defendant at as low as 35 miles per hour to as high as 60 or 70 miles per hour at the point of impact, and there was evidence that the child's body was thrown as far as 160 feet from the point of impact. The evidence did not demand a verdict for the defendant, and the trial court's judgment granting the plaintiff a first new trial will not be disturbed.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

DECIDED JUNE 23, 1958.

*Allison, Pittard & Webb, Chas. C. Pittard,* for plaintiff in error.
*R. Beverly Irwin, Osgood O. Williams,* contra.